Carter BROCK, Appellant,

v.

KENTUCKY RIDGE COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1958.

Doyle B. Inman, Harlan, for appellant.

James W. Smith, Elizabeth Gillis, Middlesboro, Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

In this Workmen's Compensation case the appellant's claim was dismissed and the Board's order was confirmed by the circuit court.

Appellant alleges he injured his back on March 27, 1954, while pushing a heavy steel coal car. He is now totally and permanently disabled.

The facts in the record show that he had sustained a ruptured interverterbral disk on December 18, 1951. He was operated on and this disk was removed. Appellee, his employer, had not been given notice of this injury or operation, but in 1952 settled appellant's claim (not brought before the Board) by the payment of $950.

In 1953 he was still suffering from pain in his back, and he underwent another operation to fuse the spine. This operation was unsuccessful, and appellee continued to suffer pain and was disabled because of the resulting condition described as "pseudarthrosis".

In February 1954 appellant was examined by his family physician who was of the opinion that at that time appellant could not return to work because of his condition. Shortly thereafter another doctor at a clinic which appellant had been attending authorized him to go back to work. After working four or five shifts, appellant claimed to have suffered a new injury.

The Board found that appellant was not injured on March 27, 1954, and he contends the judgment must be reversed because his testimony about his injury is uncontradicted. He overlooks the fact that his medical history and the testimony of several doctors contradicts his statement that he suffered a specific injury on March 27. The substance of this testimony is that appellant was totally disabled prior to going back to work because of his former injury and the unsuccessful operation. In other words, what appellant suffered on March 27 was simply a recurrence of the same pain and numbness which had afflicted him for a long time prior, and up to, the time

he returned to work. There was ample substantial evidence to support the Board's finding that the experience of March 27 did not constitute an *injury* for which he could recover compensation. Consequently the Board's finding must be upheld.

The judgment is affirmed.